**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | Civil Action No. 3:21-CV-02419-E |
| v. | § § | |
| TAKEYA CRUZ, JENNIFER MATHIS, and CANDICE EXSENTICO, | § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

On September 30, 2022, the Court entered an Order, (Doc. 30), which (i) denied Defendant Cruz's Motion for Summary Judgment, (Doc. 14) ("Cruz's Motion"); (ii) denied the Parties' Stipulation for Order Granting Interpleader and Partial Dismissal with Prejudice, (Doc. 18) ("Stipulation"); and (iii) granted Defendant Mathis's Motion to Stay the proceedings, (Doc. 20). This order VACATES and SUPERSEDES the Court's September 30, 2022 Order (Doc. 30). For the reasons enumerated below, the Court (i) GRANTS Cruz's Motion; (ii) GRANTS the Stipulation; and (iii) ENDS the Court's stay. The Court further DENIES Candice Exsentico and Chalene Clark's Motion to Intervene—on behalf of minor children S.A., E.A., S.L., and M.P., respectively—(Doc. 23).

## I. BACKGROUND

### A. The Life Insurance Policy

This case is a dispute over life insurance proceeds. On September 8, 2019, Primerica issued term life insurance policy 0491503180 ("Policy") to Patrick McClevland with a Policy Date of

September 15, 2019.[1] The face amount of the Policy was for $300,000. (Doc. 14-1 at 3, 36). The Policy defines "beneficiary" as follows:

> BENEFICIARY - The Beneficiary's interest will end if the Beneficiary dies before the Insured. If no primary Beneficiary is living at the Insured's death, the death proceeds will be paid to any contingent Beneficiary living at the Insured's death. The proceeds will be paid to the Owner if the Insured dies and there is no living primary or contingent Beneficiary. Proceeds will be paid to the Insured's estate if there is no living Beneficiary or Owner. We may rely on a sworn statement by any responsible person to discover the identity or nonexistence of any Beneficiary not identified by name.

(Doc. 14-1 at 8). The Policy permits a change of beneficiary as follows:

> CHANGE OF BENEFICIARY – *You [McClevland] can change a Beneficiary by Notice to Us. You can only change a Beneficiary while the Insured is alive.* A Beneficiary designated irrevocable on Our records may not be changed except with the written consent of that Beneficiary. A Beneficiary change will take effect on the date of the Notice to Us unless otherwise specified by You. If the Insured died before We receive this Notice, the change is effective, subject to any prior payment of proceeds.

(Doc. 14-1 at 9) (emphasis added).

The Policy names Takeya Cruz as McClevland's "Fiance [sic]" and the primary beneficiary entitled to 100% of the Policy proceeds. The Policy further names Jennifer Mathis as McClevland's "Sister" and the contingent beneficiary entitled to 100% of the Policy proceeds.

**10. Primary Insured Beneficiaries**
Beneficiaries to share equally unless otherwise specified. If a group is named as beneficiary, you must name each individual of this group. IF A MINOR (below the age of 18) IS LISTED BELOW, PLEASE UNDERSTAND THAT FINANCIAL GUARDIANSHIP FOR THE MINOR'S ESTATE WILL BE REQUIRED BEFORE POLICY PROCEEDS CAN BE RELEASED.
IF THIS IS AN IRREVOCABLE BENEFICIARY, CHECK HERE ☐

| List PRIMARY INSURED'S Beneficiaries | Relationship to Primary Insured | Social Security Number | % (must equal 100) |
|---|---|---|---|
| Takeya Cruz | Fiance | | 100 |
| | | | |

| List PRIMARY INSURED'S Contingent Beneficiaries | Relationship to Primary Insured | Social Security Number | % (must equal 100) |
|---|---|---|---|
| Jennifer Mathis | Sister | | 100 |
| | | | |

(Doc. 14-1 at 19).

---

[1] The Policy defines the "Policy Date" as the date "from which premium due dates, policy anniversaries, policy years and policy months are measured." (Doc. 14-1 at 7).

B. **Lawsuit and Pleadings**

On October 1, 2021, Primerica filed its complaint for interpleader against Defendants Cruz, Mathis, and Exsentico. (Doc. 1).[2] As a Tennessee corporation with its principal place of business in Duluth, Georgia, Primerica relied on complete diversity to establish jurisdiction before this federal district court. (Doc. 1 at 1-2 (citing 28 U.S.C. § 1332)). Primerica asserted Cruz, Mathis, and Exsentico were each citizens of Texas residing in Dallas, Texas.

Primerica asserted that McClevland died on September 8, 2020 and that the Policy proceeds were payable. (Doc. 1 at 3). Primerica asserted Cruz, Mathis, and Exsentico made separate claims on the Policy proceeds as follows:

> On September 21, 2020, Primerica received Takeya's written claim for the Policy Proceeds. However, on November 4, 2020, Candice advised Primerica that she was married to McClevland at the time the Policy was issued and was claiming the Policy Proceeds. Finally, Jennifer also claimed the Policy Proceeds alleging that Takeya was disqualified from receiving them because she had terminated her relationship prior to McClevland's death and that Takeya was married to another man at the time the Policy was issued.

(Doc. 1 at 2). Primerica further asserted it (i) "has no interest whatsoever in the Policy Proceeds other than fulfilling its contractual obligation to pay the sums due to the appropriate party" and (2) "has no independent liability to any of the Defendants and is a disinterested stakeholder in this case." (Doc. 1 at 3). Cruz, Exsentico, and Mathis each filed answers, which each made claims to some or all of the $300,000 in Policy proceeds. (Docs. 8, 9, 11). Cruz expressly pleaded for declaratory judgment to the entire $300,000. (Doc. 8 at 5-6). Exsentico's and Mathis's respective pro se answers each assert a counterclaim against Primerica, but do not expressly identify a cause

---

[2] The Court notes that Candace Exsentico's name is spelled differently (sometimes as "Extentico") throughout her filings. (*Compare* Doc. 9 *with* Doc. 23). As most of her filings spell her last name as "Exsentico," the Court uses that spelling.

of action. (Docs. 9, 11). Neither Exsentico nor Mathis pleaded claims against any other Party. (*See* Docs. 9, 11).

### C. Cruz's Motion for Summary Judgment and Stipulation for Order Granting Interpleader

On December 27, 2021, Primerica moved to deposit the interpled funds—the $300,000 in Policy proceeds—into the Registry of the Court, further requesting that the funds be placed into an interest-bearing account pending resolution of the controversy and Court's adjudication of conflicting claims. (Doc. 13). By electronic order, the Court granted Primerica's motion to deposit the Policy proceeds into the registry of the Court. (Doc. 16).

On January 7, 2022, Cruz filed her motion for summary judgment, which attached several documents including: (i) the Policy; (ii) Cruz's declaration; (iii) the September 10, 2019 Final Decree of Divorce between McClevland and Exsentico; and (iv) Cruz's claimant statement to Primerica regarding the Policy proceeds. On January 31, 2022, the Parties submitted an agreed stipulation, which provides:

> Primerica and Defendants agree that Primerica is entitled to interpleader relief and thus stipulate as follows:
>
> a. That none of the Defendants are aware of any party (other than the parties to this action) with any claim to any part of the Policy Proceeds;
>
> b. That Primerica has a good faith doubt as to who is entitled to the Policy Proceeds and is, as a matter of law, entitled to interpleader relief;
>
> c. That Primerica has deposited the Policy Proceeds into the Court's registry there to abide determination by this Court as to their proper recipient(s);
>
> d. That Defendants should be enjoined and restrained from instituting or prosecuting further any proceeding in any state or United States court, including this Court, either at law or in equity, against Primerica or its agents arising out of or relating to the Policy or Policy Proceeds;

> e. That Primerica and its agents should be fully and finally discharged from any further liability, whether to Defendants or otherwise, arising out of or relating to the Policy and Policy Proceeds;
>
> f. That any and all claims, demands, debts, or causes of action arising out of or relating to the Policy or Policy Proceeds that have been asserted (or were assertable) herein by Primerica against Defendants, or by Defendants against Primerica, should be DISMISSED WITH PREJUDICE; and
>
> g. That all claims by and between the Defendants shall remain pending before the Court.

(Doc. 18 at 3). After agreeing to this stipulation, Exsentico and Mathis obtained counsel.

### D. Motion to Stay and Motion to Intervene

On February 22, 2022, Mathis filed a motion to stay the proceedings in the case "until the representatives of the [McClevland's] minor children have joined this action and have had an opportunity to be heard." (Doc. 20 at 4). On April 5, 2022, Exsentico and Chalene Clark—both represented by the same counsel—filed a motion to intervene on behalf of minor children S.A., E.A., S.L., and M.P. ("Intervenors"). (Doc. 23). This Motion to Intervene attached a proposed complaint in intervention ("Intervenors' Complaint"), which (i) asserted a claim for declaratory judgment to obtain the Policy Proceeds and (ii) asserted claims against Cruz (Doc. 23 at 43-49). Furthermore, the Motion to Intervene attached several declarations from Mathis (Doc. 23 at 19-20, 27); Exsentico (Doc. 23 at 31-32); and Clark (Doc. 23 at 33-34).

Cruz opposed both the Motion to Stay and the Motion to Intervene—attaching several documents, which included another declaration from Cruz and a declaration from Ashanti Wade, who was the Primerica agent that assisted McClevland with the Policy. (Docs. 21, 24, 24-1, 24-2, 24-3). After reviewing the motions, responses, corresponding evidence, and argument of the Parties, the Court addresses these pertinent filings as follows.

## II. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate when the pleadings and evidence on file show "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248, 106 S. Ct. 2505. A court must view all evidence and draw all reasonable inferences in the light most favorable to a party opposing a summary judgment motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L.Ed.2d 105 (2000). A court "may not make credibility determinations or weigh the evidence" in ruling on the motion. *Reeves*, 530 U.S. at 150, 120 S. Ct. 2097; *Anderson*, 477 U.S. at 254-55, 106 S.Ct. 2505.

The moving party bears the initial burden of showing the court there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A party with the burden of proof on an issue "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When, as here, a nonmovant bears the burden of proof, the movant may demonstrate it is entitled to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25, 106 S.Ct. 2548 (emphasis added).

Once the movant has made this showing, the burden shifts to the nonmovant to establish there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor.

*Celotex*, 477 U.S. at at 324, 106 S.Ct. 2548. "[C]onclusory allegations, speculation, and unsubstantiated assertions" will not satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). A court "resolve[s] factual controversies in favor of a nonmoving party . . . only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).

### B. Effect Of Failing to Respond to Summary Judgment

"A party opposing such a summary judgment motion may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57, 106 S. Ct. 2513–14). The Fifth Circuit has explained:

> The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. . . . "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n. 7 (5th Cir.), *cert. denied*, 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992).

*Ragas*, 136 F.3d at 458.

Nevertheless, "[t]he failure to submit evidence in response to a summary judgment motion does not permit a court to enter a 'default' summary judgment." *Potasznik v. McGee*, 3:16-CV-155-L, 2019 WL 859579, at *2 (N.D. Tex. Feb. 22, 2019) (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)). Indeed,

> [i]f a party fails ... to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2)-(3). In other words, "[a] court is allowed . . . to accept the movant's facts as undisputed when there is no competent evidence to refute or oppose the summary judgment." *Potasznik*, 2019 WL 859579, at *2 (citing *Eversley*, 843 F.2d at 174). In *Eversley*, the Fifth Circuit affirmed the trial court's grant of summary judgment—explaining:

> [T]he district court accepted as undisputed the facts so listed in support of MBank's motion for summary judgment. In our opinion, the district court acted properly in doing so and, *since Eversley made no opposition to the motion, the court did not err in granting the motion as MBank's submittals made a prima facie showing of its entitlement to judgment*.

*Eversley*, 843 F.2d at 174 (emphasis added).

### C. Federal Rule of Civil Procedure 24 and Intervention

"[O]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). In order to intervene under Rule 24(a)(2), a movant must meet four requirements: (i) the motion for intervention must be timely, (ii) the movant must have an interest relating to the property or transaction which is the subject of the lawsuit, (iii) the movant must be so situated that the disposition of the action may impair or impede his or her ability to protect that interest, and (iv) the movant's interest must be inadequately represented by the existing parties to the lawsuit. *Haspel & Davis Milling & Plumbing Co. Ltd. v. Bd. of Levee Comm'rs of the Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007).

A court may permit the intervention of anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention is appropriate if (i) the intervention request is timely, (ii) the intervenor's claim or defense and the main action have a question of law or fact in common, and (iii) granting

intervention will not unduly delay or prejudice the original parties in the case. *See League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 n.2 (5th Cir. 1989). Permissive intervention "is a matter wholly discretionary with the [district] court." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470–71 (5th Cir. 1984).

### III. ANALYSIS

The Court addresses the filings in order of appearance on the docket—first, the Stipulation; then, Cruz's Motion; and last, the Motion to Intervene.

### A. The Parties Stipulation for Order Granting Interpleader and Partial Dismissal With Prejudice

The Court first addresses Primerica's interpleader and the Parties' stipulation. As discussed above, Primerica moved for and deposited the $300,000 in Policy proceeds into the registry of the Court. (Docs. 13, 16). Thereafter, all Parties voluntarily signed a stipulation in accordance with Federal Rule of Civil Procedure 41. *See* Fed. R. Civ. P. 41(a)(1)(A) (enumerating methods for voluntary dismissal); (Doc. 18). Regarding voluntary dismissal by stipulation, the Fifth Circuit has explained:

> Under Rule 41(a)(1)(A)(ii), it is clear that the parties to a case may enter into a settlement agreement, sign and file a stipulation of dismissal with the district court, and the dismissal will be effective upon filing notwithstanding any other action by the district court. Under *Kokkonen* and *Hospitality House,* it is also clear that a district court may incorporate or embody the terms of a settlement agreement in a dismissal order or expressly retain jurisdiction over a settlement agreement by clearly indicating such intent in a dismissal order. *See Kokkonen,* 511 U.S. at 381–82, 114 S.Ct. 1673; *Hospitality House,* 298 F.3d at 431. In either case, all parties must agree to such jurisdiction.
> . . . .
> *Because filing a voluntary stipulation of dismissal under Rule 41(a)(1)(A)(ii) is effective immediately, any action by the district court after the filing of such a stipulation can have no force or effect because the matter has already been dismissed by the parties themselves without any court action*. Any dismissal order entered by a district court after the filing of a voluntary dismissal is "superfluous." *Meinecke*, 66 F.3d at 82.

*SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 462–63 (5th Cir. 2010) (emphasis added).

Here, in accordance with the Parties' Stipulation, (Doc. 18), and after considering Primerica's complaint and the responses, the Court GRANTS the complaint in interpleader as follows: (i) Primerica is discharged from this lawsuit and is relieved of all related claims of any of the remaining Parties and (ii) Defendants Cruz, Exsentico, and Mathis are each enjoined from filing any suit against Primerica relating to the Policy—and proceeds thereof—in any other court.

### B. Cruz's Motion for Summary Judgment on Her Declaratory Judgment Claim

Cruz's Motion seeks declaratory judgment (i) that she is the primary and exclusive beneficiary to the Policy proceeds and (ii) that the Policy proceeds are her exclusive property. (Doc. 14).[3] Primerica timely filed a response to Cruz's Motion on January 28, 2022, (Doc. 17), but Primerica took "no position" as to the Policy proceeds and neither objected to Cruz's summary judgment evidence nor offered any evidence to create a genuine issue of material fact. Neither Exsentico nor Mathis timely filed any response or objection.[4]

The Declaratory Judgment Act provides that the Court "upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. 2201(a). "When considering a declaratory judgment action, a district court must engage in a three-step

---

[3] *See generally Travelers Ins. Co. v. First Nat. Bank of Shreveport*, 675 F.2d 633, 637-39 (5th Cir. 1982) (District court had jurisdiction over interpleader action brought by insurer to determine ownership of the proceeds of life policy, where there was a diversity of citizenship as between the insurer and the claimants to the proceeds, although the claimants were all citizens of the same state.).

[4] In accordance with United States District Court, Northern District of Texas, Local Rule 7.1(e), "A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed." N.D. Tex. L.R. 7.1(e).

inquiry." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). The inquiry is as follows:

> First, the court must determine whether the declaratory action is justiciable. Typically, this becomes a question of whether an "actual controversy" exists between the parties to the action. Second, if it has jurisdiction, then the district court must resolve whether it has the "authority" to grant declaratory relief in the case presented. Third, the court has to determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action.

*Orix*, 212 F.3d at 895; *see, e.g.*, *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 294 (5th Cir. 2019) (quotation and citation omitted). "'[A]ctual controversy' refers to an Article III case or controversy." *Frye*, 953 F.3d at 294 (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126, 127 S. Ct. 764, 770, 166 L. Ed. 2d 604 (2007)). Regarding the second step of whether the district court has authority to grant declaratory relief, the Fifth Circuit has explained:

> [T]he district court may not consider the merits of the declaratory judgment action when 1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same issues as those involved in the federal case, and 3) the district court is prohibited from enjoining the state proceedings under the Anti–Injunction Act.

*Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993); *see e.g.*, *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 388 n.1 (5th Cir. 2003) (referring to the same); *AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 F. App'x 316, 319 (5th Cir. 2006) (referring to the same). Here, it is undisputed that an actual controversy exists between the Parties in this case—that of who should receive the Policy proceeds. Cruz, Exsentico, and Mathis have each pleaded to obtain some or all of the Policy proceeds. (*See generally* Docs. 8, 9, 11). Furthermore, nothing before the Court indicates that there is a pending state-court proceeding between the parties that would divest the Court of its authority to grant declaratory relief. Thus, the Court concludes (i) an actual controversy exists between the Parties and (ii) the Court has the authority to grant declaratory relief. *See Frye*, 953 F.3d at 294. The Court next turns to the summary judgment record

to determine whether to decide or dismiss Cruz's declaratory judgment action. *See Frye*, 953 F.3d at 294.

The summary judgment record[5] shows McClevland entered a term life insurance policy agreement with Primerca—naming Cruz as the primary beneficiary to the Policy proceeds. (Doc. 14-1 at 1-33). The Policy shows Cruz is the exclusive primary beneficiary—shown to receive 100% of the Policy proceeds. (Doc. 14-1 at 19). There is no evidence in the summary judgment record that McClevland changed Cruz as the exclusive primary beneficiary at any time before his death—by submitting a "Notice to Us" changing any beneficiary or otherwise.[6] Instead, the summary judgment record contains Cruz's testimony in her declaration that, based on her knowledge, (i) "McClevland never told [Cruz] that he intended to remove or replace [Cruz] as the Policy's primary beneficiary"; (ii) "McClevland never communicated with Primerica that he intended to remove [Cruz] as the Policy's beneficiary;" (iii) "McClevland never completed a form or other writing to remove [Cruz] as a beneficiary of the Policy"; and (iv) "McClevland never wrote that he intended to remove [Cruz] as the Policy's beneficiary." (Doc. 14-1 at 26-28). Lastly, Cruz made a claim to Primerica to obtain the Policy proceeds in accordance with the Policy. (Doc.

---

[5] The Court has not considered any evidence filed after January 28, 2022 as a part of the summary judgment record. Here, no Party requested any extension to file a response to Cruz's Motion, and no Party timely submitted any evidence in relation to the motion for summary judgment. *See* N.D. Tex. L.R. 7.1(e, i).

[6] Under Texas Law:

> "An insured may change beneficiaries at will and may even divest a prior beneficiary of all interest in the proceeds of the policy." *Volunteer State Life Ins. Co. v. Hardin*, 197 S.W.2d 105, 107 (Tex. 1946). "In order for an insured to change beneficiaries on a life insurance policy he must comply, or substantially comply with policy provisions governing such a change." *Nichols v. Nichols*, 727 S.W.2d 303, 305 (Tex. App.—Beaumont 1987, writ ref'd n.r.e.). "Substantial compliance requires that an insured do all that reasonably can be done to effect the change." *Id.*

*Am. Home Life Ins. Co. v. Stockslager*, No. 3:14-CV-2860-BF, 2016 WL 1071104, at *1 (N.D. Tex. Mar. 17, 2016).

14-1 at 28, 103-05). The summary judgment record contains no evidence controverting these facts.[7] The Court accepts Cruz's facts as undisputed as there is no competent evidence to refute or oppose the summary judgment. *See Potasznik*, 2019 WL 859579, at *2.

In light of the summary judgment record, the Court has found no evidence that would raise a genuine issue of material fact as to Cruz's motion for summary judgment on her declaratory judgment claim. No party has offered evidence to raise a genuine issue of material fact, opposed Cruz's summary judgment evidence, or objected to Cruz's motion. In this instance, the Court elects to exercise its broad discretion to decide this declaratory judgment action. *See Orix*, 212 F.3d at 895. The Court GRANTS Cruz's motion for summary judgment as to her declaratory judgment claim. Additionally, the Court takes Exsentico and Mathis's counterclaim pleadings as requesting declaratory judgment to the same Policy proceeds; as a consequence of granting Cruz's Motion, such relief is denied as moot.[8]

### C. Motion to Intervene

Intervenors assert they have interests in the Policy proceeds—moving for intervention under both Rule 24(a)(2)—intervention as of right—and Rule 24(b)(1)(B)—permissive intervention. Fed. R. Civ. P. 24. (Doc. 23). In response, Cruz asserts Intervenors have no interest in the property—reiterating her arguments from Cruz's Motion that (i) only Cruz was named as the primary beneficiary on the Policy and (ii) no evidence shows McClevland sought to change the Policy beneficiary. (Doc. 24 at 7-10). The Court next addresses each ground for intervention.

---

[7] The Court further notes that Exsentico's and Mathis's answers both appear to concede Cruz was the primary beneficiary to the Policy. Exsentico's answer concedes "[p]er the insurance policy claim Takeya Cruz listed as the primary beneficiary . . . at the time he opened the policy." (Doc. 9 at 5). Mathis's answer also concedes that Cruz was the policy as a "beneficiary" and that she (Mathis) was the "contingent." (Doc. 11 at 5-6).

[8] (*See* Doc. 9 at 5-6, Doc. 11 at 5-6).

*i.     Intervention as of Right*

The Court first addresses intervention as of right. The Court addresses whether Intervenors have an interest relating to this proceeding as that issue is dispositive. Regarding whether a potential intervenor has an interest relating to the subject of the action, the Fifth Circuit has explained:

> Although "[t]here is not any clear definition of the nature of the 'interest ...' that is required for intervention of right," our precedent has set guiding principles that dictate the outcome of this case. . . . The touchstone of the inquiry is whether the interest alleged is "legally protectable." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.* (*NOPSI*), 732 F.2d 452, 464 (5th Cir. 1984) (en banc). "[A]n interest is sufficient if it is of the type that the law deems worthy of protection, even if the intervenor does not have an enforceable legal entitlement or would not have standing to pursue her own claim." *Texas*, 805 F.3d at 659.

*Wal–Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, 834 F.3d 562, 566 (5th Cir. 2016) (internal citation and footnote omitted).

Here, Intervenors do not direct the Court to evidence or mandatory law in support of their argument that they have any "interest" relating to the subject of this interpleader action—as children not named as beneficiaries under an insurance policy. As discussed above, the undisputed facts show that Cruz was the named primary beneficiary on the Policy—with Mathis named as a contingent beneficiary. Even in considering the evidence offered along with the Motion to Intervene, there is no evidence that McClevland changed the Policy beneficiary. Furthermore, the record shows no evidence that Exsentico, Clark, or Intervenors were named in any part of the Policy beneficiaries—whether primary or contingent. Thus, the Court must conclude that neither Exsentico, Clark, nor Intervenors have any "legally protectable" interest in regard to the Policy proceeds. As concluded above in this interpleader proceeding, the Policy proceeds are the exclusive property of Cruz as a matter of law.

Having failed to prove the second requirement for intervention as of right in accordance with Rule 24(a)(2), the Court pretermits discussion on the remaining three requirements for intervention under Rule 24(a)(2). *See Haspel & Davis Milling & Plumbing*, 493 F.3d at 578 (enumerating the second requirement for intervention under Rule 24(a)(2) as: "the movant must have an interest relating to the property or transaction which is the subject of the lawsuit"). The Court DENIES Intervenors' corresponding motion for intervention as of right into this case. *See* Fed. R. Civ. P. 24(a)(2).

  *ii.*  *Permissive Intervention*

The Parties do not dispute that Intervenors' motion was timely filed. Thus, the Court addresses (i) whether Intervenors' claims or defenses share common questions of law with the Parties claims in the interpleader action and (ii) whether granting intervention will not unduly delay or prejudice the original Parties in the case. Intervenors first assert "there are common questions of law and fact with the main action—that being why was the policy purchased and who has a right to the proceeds of the policy." (Doc. 23 at 15). Intervenors fail to properly brief this argument, instead referring the Court to their arguments on having an interest in the Policy proceeds, which the Court has rejected above.

First, a review of the Intervenors' Complaint asserts causes of action for (i) constructive trust, which is not an actionable cause of action under Texas law[9]; (ii) breach of fiduciary duty against Cruz; (iii) declaratory judgment to obtain the Policy proceeds[10]; and (iv) unjust enrichment

---

[9] Under Texas law, "[a] constructive trust is not a cause of action" but instead "an equitable remedy imposed by law to prevent unjust enrichment resulting from an unconscionable act." *In re Moore*, 608 F.3d 253, 263 (5th Cir. 2010) (internal quotation omitted).

[10] The Court notes that declaratory judgments cannot be used to gain "sneak peeks" at results under hypothetical sets of facts. *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009). "[I]t is

against Cruz. (Doc. 23 at 35-49). Having concluded above that the Policy proceeds are the exclusive property of Cruz, the Intervenors' proposed declaratory judgment claim would be moot; there are no remaining questions of fact or law as to the Policy proceeds. Having further (i) mooted Exsentico's and Mathis's counterclaims for declaratory judgment and (ii) discharged Primerica in accordance with the Parties' stipulation—Intervenors' remaining, actionable claims for breach of fiduciary duty and unjust enrichment against Cruz do not appear to share common questions of law or fact with the main action in this case.

The main action in this litigation is about who should receive the Policy proceeds as agreed between Primerica and McClevland—in effect, an action to enforce the Policy (as a contract). However, Intervenors' remaining claims for breach of fiduciary duty and unjust enrichment do not relate to the Policy. Under Texas law, "the elements of a claim for breach of fiduciary duty are (1) the existence of a fiduciary duty, (2) breach of the duty, (3) causation, and (4) damages." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017). "Unjust enrichment is an equitable principle holding that one who receives benefits unjustly should make restitution for those benefits, regardless of whether the defendant engaged in wrongdoing," and it "occurs when the person sought to be charged has wrongfully secured a benefit or has passively received one which it would be unconscionable to retain." *Janvey v. Alguire*, 846 F. Supp. 2d 662, 673 (N.D. Tex. 2011) (internal quotation omitted). Neither of Intervenors' corresponding claims (i) charge Primerica of any wrongdoing nor (ii) sound under the Policy. Under the facts of this case, the Court must conclude the Intervenors' claims and the main action do not have question(s) of law or fact in common.

---

well settled that this section does not confer subject matter jurisdiction on a federal court where none otherwise exists." *Lawson v. Callahan*, 111 F.3d 403, 405 (5th Cir. 1997).

Second, permitting Intervenors' complaint in intervention on these facts would unduly delay or prejudice the original Parties in the case. *See* Fed. R. Civ. P. 24(b)(3). Notwithstanding the Parties Stipulation[11], (i) neither the Parties nor the Intervenors contest that McClevland named solely Cruz as the primary beneficiary in the Policy and (ii) neither the Parties nor the Intervenors have offered any facts that McClevland changed the Policy beneficiary at any time. (*See e.g.*, Doc. 23 at 4, 39). Furthermore, as the Court has adjudicated above, there are no remaining claims between the Parties. Considering Cruz's Motion, the Parties' briefing regarding the stay, and the briefing regarding the intervention—the Court declines to exercise its discretion to permit intervention in this case. The Court DENIES Intervenors' corresponding motion for permissive intervention into this case. *See* Fed. R. Civ. P. 24(b).

### IV. CONCLUSION

The Court—accepting the Parties Stipulation, granting Cruz's Motion, and denying Intervenors' motion to intervene—ORDERS as follows:

1. Primerica is discharged from this lawsuit and is relieved of all related claims of any of the remaining Parties—Cruz, Exsentico, and Mathis.

2. Defendants Cruz, Exsentico, and Mathis are each enjoined from filing any suit against Primerica relating to the Policy—and proceeds thereof—in any other court.

---

[11] "The doctrine of judicial estoppel prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." *Ergo Sci., Inc. v. Martin*, 73 F.3d 595, 598 (5th Cir. 1996). For judicial estoppel to apply, (i) the party's position must be clearly inconsistent with its earlier position, and (ii) the court must have accepted the earlier position. *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 347 (5th Cir. 2008). Notwithstanding that Primerca has been dismissed and discharged, the Court pretermits application of the Stipulation on Intervenors' Complaint as unnecessary. *See SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 462–63 (5th Cir. 2010) (discussing voluntary stipulation).

3. The Court GRANTS Cruz's motion for summary judgment as to her declaratory judgment claim. The Court FINDS and CONCLUDES:

    a. Takeya Cruz is the primary and exclusive beneficiary of Primerica Life Insurance Company Policy No. 0491503180;

    b. The $300,000.00 death benefit—plus any accrued interest—of Primerica Life Insurance Company Policy No. 0491503180 is the exclusive property of Takeya Cruz by virtue of her status as the primary and exclusive beneficiary of the Policy proceeds.

4. Upon the submission of a motion to withdraw the funds, the Court shall order disbursement of the Policy proceeds deposited in the registry of the Court to Cruz.

5. The Court DENIES as moot Defendant Exsentico's and Defendant Mathis's pleadings that seek declaratory judgment on the Policy and Policy proceeds.

6. The Court DENIES Intervenors' motion to intervene (Doc. 23) in its entirety.

**SO ORDERED.**

24th day of January, 2023.

                                                  ADA BROWN
                                                  UNITED STATES DISTRICT JUDGE